UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
DOCKET NO. 5:17-cv-200

| LAFONDA PARKS, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| Vs. | ) | ORDER |
|  | ) |  |
| BOSTON SCIENTIFIC CORPORATION, | ) |  |
|  | ) |  |
| Defendant. | ) |  |

**THIS MATTER** is before the Court on defendant's Motion to Dismiss (#10), which has now been fully briefed.

As pointed out by defendant in its Memorandum in Support (#11) and admitted by plaintiff in her Response in Opposition (#13), plaintiff's original Complaint in state court was not signed by either her or counsel, which is a procedural defect that leaves the court without subject matter jurisdiction over this action. Estate of Livesay v. Livesay, 219 N.C. App. 183, 186 (2012) ("An unsigned or unverified complaint is an invalid complaint over which the trial court lacks subject matter jurisdiction"); N.C. Gen. Stat. § 1A-1; Fed. R. Civ. P. 12(h)(3). Even though plaintiff and her counsel were made aware of such pleading deficiency, plaintiff did not file an Amended Complaint within 21 days of defendant's motion to dismiss, as permitted under Rule 15(a)(1), Federal Rules of Civil Procedure, or since the expiration of that period move for leave to amend under Rule 15(a)(2).

In plaintiff's counseled Response, plaintiff suggests the Court allow plaintiff to amend the complaint. However, a response "is not an appropriate means to request leave to amend a

-1-

complaint." Jemsek v. N.C. Med. Bd., 2017 WL 696721, at *12 (E.D.N.C. Feb. 21, 2017); accord Drager v. PLIVA USA, Inc., 741 F.3d 470, 474-75 (4th Cir. 2014). Further, the Fourth Circuit has held that plaintiff should not be allowed to amend her complaint "where, as here, the plaintiff fails to formally move to amend and fails to provide the district court with any proposed amended complaint or other indication of the amendments [s]he wishes to make." Estrella v. Wells Fargo Bank, N.A., 497 F. App'x 361, 362 (4th Cir. 2012) (unpublished *per curiam*). Indeed, the Local Civil Rules of this Court explicitly provides that "[m]otions shall not be included in responsive briefs. Each motion must be set forth as a separately filed pleading." L.Cv.R. 7.1(c). In moving for pro hac vice admission, counsel for plaintiff recently agreed to comply with the Local Rules of this Court. See Motion for Pro Hac Vice Admission of Keving Wang (#17) at ¶ 7.

Additionally, plaintiff's Complaint is replete with claims that appear to be generic or superfluous; for example, plaintiff suggested in her response that the court construe all her strict liability claims as negligence claims to preserve them, even though the complaint already asserted a negligence claim. Such haphazard pleading suggests this Complaint follows a "shotgun approach" that the court disfavors. See Holland v. Wells Fargo Home Mortgage, 2015 WL 1432458, at *1 (W.D.N.C. Feb. 13, 2015) (a form complaint "customized to add the particulars" is "ineffective" and "makes it more difficult for those with actual claims to have their day in court"). This Court's colleague in the Middle District of Florida has dismissed similar complaints for being impermissible "shotgun" pleadings. See Kendall v. Boston Scientific Corporation, 2017 WL 6042020 (M.D. Fla. Dec. 6, 2017); Douse v. Boston Scientific Corporation, No. 2:17-cv-599-FtM-38MRM (M.D. Fla. Dec. 18, 2017); Davis v. Boston Scientific Corporation, 2018 WL 339937 (M.D. Fla. Jan. 9, 2018).

Having considered the procedural and substantive defects, the Court determines that subject matter jurisdiction was lacking when plaintiff filed a Complaint in state court which was not signed either by the plaintiff or his attorney. Although that defect may have been cured unilaterally under Rule 15(a)(1) or with leave under Rule 15(a)(2), counsel for plaintiff failed to take appropriate steps and has included in contravention of established case law and the Local Rules of this Court a request to amend in plaintiff's Response. Even if the Court were to ignore the case law and the Local Rules, allowing amendment for purposes of filing a signed Amended Complaint would be futile inasmuch as the substantive claims in the 42-page Complaint violate Rule 8(a). Under Rule 15(a)(2), the "'grant or denial of an opportunity to amend [a complaint] is within the discretion of the District Court.'" Scott v. Family Dollar Stores, Inc., 733 F.3d 105, 121 (4th Cir. 2013) (quoting Foman v. Davis, 371 U.S. 178, 182 (1962)). Denial of leave to amend is appropriate when "(1) 'the amendment would be prejudicial to the opposing party;' (2) 'there has been bad faith on the part of the moving party;' or (3) 'the amendment would have been futile.'" Scott, 733 F.3d at 121 (quoting Laber v. Harvey, 438 F.3d 404, 426–27 (4th Cir. 2006)).

The Court will deny the request to amend as the better course of action is to dismiss the action without prejudice, thereby affording plaintiff an opportunity to draft a Complaint that conforms to Rule 8(a) and one which is signed in accordance with Rule 11. If a new action is filed, a dismissal without prejudice will also afford plaintiff a new opportunity to file a unilateral amendment under Rule 15(a)(1) in the event defendant points out errors in a new Motion to Dismiss. The ability to unilaterally amend furthers the public interest in speedy and cost effective litigation as expressed in the 2015 amendments to the Federal Rules of Civil Procedure, including Rule 1. Further, the Court finds that by dismissing the fatally defective Complaint without

prejudice, the Court safeguards plaintiff's right to *meaningful* access to the Court if in fact he believes he was harmed by defendant's product.

**ORDER**

**IT IS, THEREFORE, ORDERED** that plaintiff's request for leave to amend, contained in the Response is **DENIED**, and defendant's Motion to Dismiss (#10) is **GRANTED** and this matter is **DISMISSED** without prejudice.

Signed: February 23, 2018

Max O. Cogburn Jr
United States District Judge